IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD W. PUDLOWSKI,**                    Case Number 14 CV 1529

     Plaintiff,                    Judge James Gwin

     v.                    Magistrate Judge James R. Knepp, II

**COMMISSIONER OF SOCIAL SECURITY,**

     Defendant.                    REPORT AND RECOMENDATION

### INTRODUCTION

This matter is before the Court on the Commissioner's Motion to Dismiss filed on September 19, 2014. (Doc. 9). On July 11, 2014, Plaintiff Donald W. Pudlowski ("Plaintiff") filed a Complaint against Carolyn W. Colvin, in her capacity as Commissioner of Social Security ("Commissioner"), seeking judicial review of the Commissioner's decision to deny Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (Doc. 3). This matter has been referred to the undersigned pursuant to Local Rule 72.2(b)(1). (Non-document entry dated July 11, 2014). For the reasons below, the Court recommends denying Commissioner's Motion to Dismiss and, pursuant to "sentence four" of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), remanding this matter for a "good cause" hearing before an ALJ to determine if Plaintiff received the February 2013 notice ostensibly advising that his request for reconsideration had been denied.

### PROCEDURAL HISTORY

The Commissioner filed a Motion to Dismiss Plaintiff's Complaint, arguing the Court lacks jurisdiction because Plaintiff failed to identify a "final decision of the Commissioner made

after a hearing" pursuant to 42 U.S.C. §§ 405(g) and 1383(c) and, in the alternative, failed to timely file his Complaint. (Doc. 9). On October 21, 2014, the Court granted Plaintiff's Motion for Extension of Time to file opposition. (Doc. 10, Non-document entry dated October 21, 2014). Plaintiff then filed a second motion for a 30-day extension of time to file a Memorandum in Opposition, which the Court granted; with the caveat no further extensions would be permitted. (Doc. 11, non-document entry dated November 19, 2014). Plaintiff filed his Response to the Commissioner's Motion to Dismiss on December 19, 2014. (Doc. 12). After the Court granted a request for an extension of time, the Commissioner filed a Reply in support of her Motion to Dismiss on January 13, 2015. (Doc. 14).

### ADMINISTRATIVE HISTORY[1]

Plaintiff filed for disability benefits on June 7, 2012.[2] Plaintiff contacted the Social Security Administration on August 20, 2013, and discovered, allegedly for the first time, that his request for reconsideration had been denied in February 2013. (Doc. 12-2, Ex. 2 at 2). The 60-day period to appeal and request a hearing by an ALJ, therefore, had passed. The following day, August 21, 2013, Plaintiff's counsel immediately requested a hearing and provided the following explanation for the untimely request:

> Recently, as of August 20, 2013, upon contacting your office by phone, [Plaintiff] discovered that his request for reconsideration had been denied in February of 2013. However, neither [Plaintiff], nor I, his authorized representative, ever received notice that the claim had been denied in February of 2013. As a result, the [60] day period to appeal has passed without our knowledge that the claim had

---

1. For the administrative history the Court relies on party briefs and a declaration from Patrick J. Herbst, Chief of Court Case Preparation and Review Branch Three, Office of Disability Adjudication and Review, Social Security Administration, as no transcript has been filed. (Doc. 9-2, at 1-3).

2. The Court relies on Mr. Herbst's declaration for this date, as there appears to be some discrepancy in the exact dates of filing. In his brief, Plaintiff states he filed for Disability Insurance Benefits ("DIB") on June 22, 2012, and Supplemental Security Income ("SSI") on August 8, 2012. (Doc. 12, at 1).

been denied. It was not until August 20, 2013, due to conversations with your office via telephone, that [Plaintiff] and I were made aware that the claim had been denied.

As proof of our lack of knowledge that the claim had been denied, it should be noted that following the denial in February of 2013, of which I had no knowledge, I continued to update [Plaintiff]'s medical file. If we had been aware that the claim had been denied, a Request for Hearing by [an ALJ] would have been filed immediately. Furthermore, if I had been aware that the claim had been denied and closed, then updating a closed file would have been unnecessary. See enclosed fax confirmations for medical records forwarded to the Social Security Administration in April, May, and August of 2013. As such, I believed that I was updating [Plaintiff]'s medical file for the Social Security Administration[] to consider while evaluating [Plaintiff]'s request for reconsideration.

As we have never received the original written notice of the denied claim, this Request for Hearing by [an ALJ] is being filed based upon information received via telephone calls to your office on August 20, 2013 and August 21, 2013.

(Doc. 12-3, Ex. 3 at 3-4). On November 1, 2013, Plaintiff re-sent this correspondence requesting a hearing beyond the proscribed 60-day period for good cause. *Id.* at 2.

The Commissioner responded on November 18, 2013, and stated Plaintiff's August 21, 2013, request for a hearing was not accompanied by a "statement or other information as to why the request was not filed within the prescribed 60-day limit." (Doc. 12-4, Ex. 4 at 2). This does not appear to be correct, as reasons for his untimely request were included in the August 21, 2013, correspondence, and again in correspondence dated November 1, 2013. (Doc. 12-3, Ex. 3 at 2-4). The Commissioner, nevertheless, gave Plaintiff fifteen days to provide reasons the request for hearing was not timely filed. (Doc. 12-4, Ex. 4 at 2-3). The following day Plaintiff again provided the Commissioner with reasons for the untimely request accompanied by attached documents, and reasserted that neither counsel nor Plaintiff received the February denial. (Doc. 12-5, Ex. 5 at 2).

3

An ALJ issued a Notice of Dismissal on December 4, 2013, and, in finding Plaintiff did not establish good cause for missing the deadline, asserted "[n]otices were mailed to both the claimant and to his representative at their respective addresses on February 26, 2013." (Doc. 12-6, Ex. 6 at 5-6). The alleged February 26, 2013, reconsideration denial, however, has not been submitted to this Court by either party. The ALJ's dismissal of the August 21, 2013, request for hearing left the February 26, 2013, reconsideration denial in effect. (Doc. 12-6, Ex. 6 at 6). On May 7, 2014, the Appeals Council denied Plaintiff's request for review. (Doc. 12-7, Ex. 7 at 2). The Appeals Council found no "basis for changing the [ALJ's] dismissal." *Id.* The Appeals Council reviewed medical records dated April 2013 through October 2013, but since the records were "not about the dismissal of request for hearing", sent the records to the Social Security Administration and noted that office would notify Plaintiff "whether [that] information changes the determination dated December 4, 2013." (Doc. 12-7, Ex. 7 at 3). Plaintiff filed this Complaint on July 11, 2014. (Doc. 3).

## DISCUSSION

In her Motion to Dismiss, the Commissioner asserts this Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (Doc. 9, at 1). She alleges dismissal is proper for two reasons: "(1) Plaintiff has not identified a 'final decision of the Commissioner made after a hearing' subject to judicial review under 42 U.S.C. §§ 405(g) and 1383(c); and (2) in the alternative, even if there were a final decision, this Court lacks subject matter jurisdiction over Plaintiff's complaint because it was not timely filed." (Doc. 9, at 1). Because Plaintiff timely

4

filed the Complaint[3], the remaining issues are whether a final decision of the Commissioner exists, or alternatively, whether Plaintiff presents a colorable constitutional claim, such that jurisdiction of this Court is, nevertheless, appropriate.

**Subject Matter Jurisdiction**

The Commissioner asserts the Court lacks subject matter jurisdiction because Plaintiff failed to identify a "final decision" of the Commissioner. (Doc. 9, at 1). Pursuant to 42 U.S.C. § 405(g), the district court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party". By limiting review to "final decision[s]", the Social Security Act requires administrative exhaustion of remedies. § 405(h). Section 405(h) provides:

> The findings and decision of the Commissioner… after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner… shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner…, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code [28 USCS § 1331 or 1346], to recover on any claim arising under this title….

See also Buchanan v. Apfel, 249 F.3d 485, 489 (6th Cir. 2001) ("Section 405(h) governs the 'finality of the Commissioner's decision' on claims arising under the Social Security Act, channeling them through the review procedures provided in § 405(g).").

The Commissioner generally has the authority to determine at what point her decisions become final and subject to review. Weinberger v. Salfi, 422 U.S. 749, 766 (1975) ("The term

---

3. Pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.10(c), Plaintiff had 65 days from the Appeals Council denial dated May 7, 2014, or until July 11, 2014, to file a complaint with this Court. Plaintiff timely filed this action on July 11, 2014. Furthermore, the July 11, 2014, deadline is conservative, as "the 60 days begins to run from the date of receipt of notice, not the date of the mailing of the notice." McKentry v. Sec'y of Health & Human Servs., 655 F.2d 721, 724 (6th Cir. 1981). While the Commissioner initially asserted the untimeliness of Plaintiff's Complaint, in her Reply brief to the Court, she conceded "[a]t this time, it appears that Plaintiff's Complaint was timely filed." (Doc. 14, at 1). This argument, therefore, is not addressed herein.

'final decision' is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation." (citing 42 U.S.C. § 405(a)). A claimant must complete the following four steps in order to obtain a final decision, and, therefore, qualify for judicial review:

(1) Receive an initial determination pursuant to 20 C.F.R §§ 404.902, 416.1402.
(2) Request reconsideration under 20 C.F.R §§ 404.907, 416.1407.
(3) Request a hearing before an ALJ pursuant to 20 C.F.R §§ 404.929, 416.1429.
(4) Request Appeals Council review of the hearing decision under 20 C.F.R §§ 404.967, 416.1467.

The Appeals Council may allow the ALJ's decision to remain the final decision of the Commissioner, or grant review and issue its own decision. 20 C.F.R. §§ 404.981, 416.1481. The regulations provide that the dismissal of a request for hearing is binding on the parties unless the next level of review is involved. 20 C.F.R. §§ 404.959, 416.1459. A claimant must complete each step within the proscribed period, "unless [he] can show [the Commissioner] that there was good cause for [his] failure to make a timely request for review." 20 C.F.R. §§ 404.900(b), 416.1400(b).

Here, the Commissioner argues jurisdiction of this Court is improper because there has not been a final decision made after a hearing. (Doc. 9-1, at 3). Some courts, however, have specifically allowed review of certain decisions not made "after a hearing." In *Bellantoni v. Schweiker*, 566 F. Supp. 313, 315 (E.D.N.Y. 1983), the court stated the following with regard to an untimely request for Appeals Council review:

Although it may be argued that there is no reviewable 'final decision' of the Secretary on the ultimate issue of disability without a timely request for Appeals Council review . . . it is quite another matter to suggest that the district court has no jurisdiction to review a decision of the Secretary finally denying an application for benefits solely on the basis of a procedural default. To so hold would grant the agency unfettered discretion to arbitrarily deny claims regardless of the asserted justification for the default at issue. Since an individual's interest in disability benefits is protected by the Due Process Clause of the fifth amendment, *see Richardson v. Belcher*, 404 U.S. 78, 81 (1971); *Richardson v. Perales*, 402 U.S.

6

389, 401-02 (1971), such a construction would raise serious constitutional questions.

Accordingly, I find that while there is as yet no reviewable final decision of the Secretary on the issue of the claimant's disability, there is at this time a final decision of the Secretary on the question of whether the plaintiff's request for Appeals Council review was timely. This decision is reviewable under 42 U.S.C. § 405(g), since it represents a final decision of the Secretary on this issue. *See Beckham v. Schweiker*, 557 F. Supp. 137 (S.D. Ohio 1982) (and cases cited therein); *Goins v. Harris*, 487 F. Supp. 1200 (N.D. Iowa 1980). *See also Case v. Califano*, 441 F. Supp. 304 (D.S.C. 1977).

(internal footnotes and parallel citations omitted). *See also Crumble v. Sec'y of Health and Human Servs.*, 586 F. Supp. 57, 59 (E.D.N.Y. 1984) ("Congress could hardly have intended to have accorded a claimant judicial review when his right to a hearing is respected but to have withheld review when that right was denied." (internal quote omitted)); *Beckham*, 557 F. Supp. at 140 ("Under the [Commissioner]'s interpretation, it would have the power to deny a person a hearing, for whatever reason, and that person would not be entitled to any judicial review of that denial . . . . [O]nce a person has pursued the question of his right to a hearing through the administrative process, his administrative remedies have been exhausted and he is entitled under § 405(g) to judicial review of his claim for a hearing . . .").

Furthermore, "the requirement that the administrative remedies prescribed by the Commissioner be exhausted" can be waived by the Commissioner. *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *see also Counts v. Comm'r of Soc. Sec.*, 2010 U.S. Dist LEXIS 132724, at *19 (M.D. Fla. Dec. 13, 2010) ("By denying review of the ALJ's decision to dismiss Plaintiff's request for a hearing, the Appeals Council finalized [the Commissioner]'s decision to deny Plaintiff a hearing. Plaintiff exhausted his administrative remedies and timely filed for judicial review . . . . [T]he Court has subject matter jurisdiction to review [the Commissioner]'s final decision denying Plaintiff an administrative hearing."); *Bellantoni*, 566 F. Supp. at 316

(remanding due to lack of a good cause hearing or failure of the Secretary to allow "the claimant to appear personally to explain his delay.")

Here, the Commissioner denied Plaintiff's untimely request for hearing pursuant to 42 U.S.C. § 405(b). The Appeals Council reviewed that determination, and declined Plaintiff's request for review. While there may not be a final decision on Plaintiff's underlying disability, the Appeals Councils denial certainly is the final decision regarding whether Plaintiff had good cause for filing an untimely request for hearing and resulted in a denial of benefits. *Bellantoni*, 566 F.Supp. at 315. The Court, therefore, has jurisdiction.

To hold otherwise would "leave Plaintiff with no recourse whatsoever. He cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the [Commissioner]'s argument he is foreclosed from judicial review because he *has not* exhausted his administrative remedies." *Macheski v. Leavitt*, 2007 U.S. Dist. LEXIS 67719, at *11 (M.D. Ga. Sept. 13, 2007) (emphasis in original).

***Procedural Due Process***

Even if there was not a "final decision", the finality requirement prescribed by § 405(g) leaves an exception where a plaintiff presents a colorable constitutional claim. *Hilmes v. Sec'y of Health & Human Servs*., 983 F.2d 67, 70 (6th Cir. 1993); *see also Califano v. Sanders*, 430 U.S. 99, 109 (1997) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.")

An Appeals Council decision not to consider an untimely request for review, therefore, may be a final decision "for purposes of judicial review where a colorable constitutional claim is raised." *Compare Slocum v. Astrue*, 2010 U.S. Dist LEXIS 34069, *2 (D. Kan.) (*adopted by*

*Slocum v. Astrue*, 2010 Dist LEXIS 34063 (D. Kan. April. 6, 2010) (asserting jurisdiction and recommending remand where a plaintiff asserted that neither she nor her counsel received notice), *and Pizarro v. Comm'r of Soc. Sec.*, 2013 U.S. Dist LEXIS 31372 (M.D. Fla.) (*adopted by Pizarro v. Comm'r of Soc. Sec.*, 2013 U.S. Dist LEXIS 31367 (M.D. Fla. Mar. 5, 2013) (recommending denial of the Commissioner's Motion to Dismiss based on lack of subject matter jurisdiction because "[n]either the ALJ nor the Appeals Council relied on any evidence which actually demonstrated that the reconsideration determination notice was indeed mailed to Plaintiff or that Plaintiff actually received the notice.")[4], *with Ferguson v. Comm'r of Soc. Sec.*, 2008 U.S. Dist LEXIS 5965, at *3 (W.D. Mich. 2008) (finding no jurisdiction due to lack of a final decision where a plaintiff filed an untimely request for review and the Appeals Council subsequently denied review due to lack of good cause because Plaintiff did not clearly allege that both she and her counsel did not receive notice).

Here, in his response to the Commissioner's Motion to Dismiss, Plaintiff argued "a constitutional claim based upon violation [of] his due process rights by depriving [him] of a property interest without notice and meaningful opportunity to be heard." (Doc. 12, at 5). While Plaintiff did not expressly allege a "due process violation" in his Complaint, he did allege a failure to receive notice his claim had been denied on reconsideration, which sufficiently presented a colorable constitutional claim. (Doc. 3, at 2-4); *Counts*, 2010 U.S. Dist. LEXIS 132724 *6.

The Due Process Clause of the 5th and 14th Amendments protects property interests. *Mathews*, 424 U.S. at 332. A person has at least some property interest in disability benefits;

---

4. Coincidently, in *Pizarro*, Patrick Herbst, presumably the same Social Security employee in the instant case, provided a declaration in which he failed to mention the notice in question— identical to what happened in this case. *Pizarro*, 2013 U.S. Dist LEXIS 31372 at *24.

therefore, notice regarding these benefits is required. *See Francisco v. Barnhart*, 366 F. Supp. 2d 461, 2004 U.S. Dist LEXIS 28501 (S.D. Tex. 2004) *(adopting* Memorandum and Recommendation in *Francisco v. Barnhart*, 366 F. Supp. 2d 461, 467, 2004 U.S. Dist LEXIS 28500 (S.D. Tex.)) ("[Plaintiff] has an underlying due process right to effective notice concerning his social security benefits; therefore, he also has a constitutionally protected right to due process in the determination of whether he received effective notice.")

"In a social security context, a notice that fails to inform a claimant of material factors that could lead to an unfavorable decision violates procedural due process." *Francisco*, 366 F. Supp. 2d at 466 (citing *Harris v. Callahan*, 11 F. Supp. 2d 880, 883 (E.D. Tex. 1998)); *see also Slocum*, 2010 U.S. Dist LEXIS 34063, at *1-2 (denying Commissioner's Motion to Dismiss because "there was no concrete evidence to establish that the decision of the ALJ was mailed to the claimant and when it was mailed… [and] [d]ue process requires more than an assumption that the correct standard or procedure was followed. Due process requires that the court determine if the notice was mailed to the claimant, and when it was mailed.") Notice is generally constitutionally sufficient "if it is reasonably calculated to reach and inform the person entitled to be notified." *Stieberger v. Apfel*, 134 F.3d 37, 39 (2d Cir. N.Y. 1997).

Additionally, by the Social Security Administration's own rules, notice to claimants is required. "After a decision on the request from reconsideration has been made, a written notice of the reconsideration determination will be mailed to the parties at their last known addresses." Soc. Sec. Claims and Procedures § 11:37 (6th ed.); *see also* 20 C.F.R. § 404.922 ("We shall mail a written notice of the reconsidered determination to the parties at their last known address. We shall state the specific reasons for the determination and tell you and any other parties of the

right to a hearing.") Lack of notice of the determination or decision may constitute good cause for an untimely filing pursuant to § 404.911(b).

The Sixth Circuit has remanded where a plaintiff alleged lack of notice and there was "no evidence in the record that the notice was ever mailed to the appellant." *McKentry*, 655 F.2d 721, 724. The court specifically noted the following:

> The Secretary relies upon the presumption of delivery of mail. This presumption does not prevail in the present case for three reasons: (1) No copy of the notice was mailed to appellant's attorney of record and we find no evidence in the record establishing that a copy was mailed to appellant; (2) the presumption, if it did arise, is rebuttable; and (3) appellant introduced evidence of non-receipt of the notice.

*Compare Id.* (citations omitted), *with Carter v. Comm'r of Soc. Sec.*, 2015 U.S. Dist LEXIS 105994 (E.D. Mich. July 22, 2015) (finding no jurisdiction to review an untimely filing where the plaintiff filed no explanation for the late filing and did not deny receipt of unfavorable decision).

In support of his claim he never received the February 2013 notice, Plaintiff offered evidence he continued to update his file by sending in medical records to the Social Security Administration in April, May, and August 2013. (Doc. 12-2, Ex. 2). Upon learning of the February 2013 notice, Plaintiff promptly filed a request for hearing the following day, on August 21, 2013. (Doc. 12-2, Ex. 2 at 4). Plaintiff's counsel also offers an affidavit from a coworker asserting that she, along with other employees, received and sorted all mail received by the law firm. (Doc. 12-1, Ex. 1 at 2-3). She stated all mail was electronically scanned in to the client's electronic folder and the original paper was filed in a physical folder. She asserted a review of both folders did not produce the denial of reconsideration dated February 26, 2013, and, therefore, it was unlikely to have been received. *Id.*

11

In her Motion to Dismiss, the Commissioner included a declaration from a Social Security Administration employee, Patrick J. Herbst. Mr. Herbst stated Plaintiff's electronic file contained the following:

    (a) The plaintiff filed an application for Title II and XVI benefits on June 07, 2012.
    (b) On December 04, 2013, an [ALJ] issued a Notice of Dismissal (Exhibit 1). Thereafter, the plaintiff filed a request for review.
    (c) By notice dated May 07, 2014, the Appeals Council informed the plaintiff that it had denied the request for review (Exhibit 2).
    (d) On July 11, 2014, the plaintiff filed a civil action in the U.S. District Court for the Northern District of Ohio.

(Doc. 9-2, at 1-3). Importantly, Mr. Herbst does not assert the file contained the February 26, 2013, notice that is in question. Even if the denial notice were in Plaintiff's file, this alone, is insufficient to prove effective notice. *See, e.g., McKentry*, 655 F.2d at 724.

In the Order of Dismissal dated December 4, 2013, the ALJ asserts "[n]otices were mailed to both the claimant and to his representative at their respective addresses on February 26, 2013." (Doc. 9-2, at 7-8). In the Commissioner's Reply brief she asserts she "sent Plaintiff a denial of his Request for Reconsideration on February 26, 2013." (Doc. 14, at 1). There is no evidence in the record this notice even exists; much less that it was mailed to Plaintiff or Plaintiff's counsel. It is not in Plaintiff's electronic file and neither party has submitted this document to the Court; without such, it is impossible to begin an effective notice determination.

There is also no evidence the Appeals Council considered the issue of notice. *See Snow v. Astrue*, 2011 U.S. Dist LEXIS 46780, at *16 (D. Kan. 2011) ("The evidence before the court shows nothing whereby the Appeals Council might infer that notice was actually deposited in the mail. Therefore, it may not rely upon the common law presumption that the notice was received, and may not require Plaintiff to provide evidence suggesting otherwise."). Here, the Appeals Council dismissed the medical records Plaintiff submitted as irrelevant to the issue of whether

there was good cause for the untimely filing when the purpose of the submission was to prove lack of notice, rather than the substance of the records. (Doc. 12-7, Ex. 7 at 3). The purpose of this submission was apparently lost on the Appeals Council.

The Court has jurisdiction in this matter and without any proof of notice regarding the February 2013 decision, Plaintiff has established a colorable constitutional claim; therefore, the Commissioner's Motion to Dismiss should be denied and the case remanded, pursuant "sentence four" of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for a "good cause" hearing before an ALJ to determine if Plaintiff received the February 2013 notice.

## CONCLUSION AND RECOMMENDATION

For the reasons above, the undersigned recommends the Court deny the Commissioner's Motion to Dismiss, reverse the decision of the Commissioner, and remand for a hearing to determine if Plaintiff received proper notice.

s/James R. Knepp, II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).