UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DONALD W. PUDLOWSKI, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 5:14-CV-01529<br><br>OPINION & ORDER<br>[Resolving Docs. 9, 15, 17, 18] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Donald Pudlowski, Jr. brings claims against the Commissioner of Social Security ("the Commissioner") for improper denial of social security disability benefits.[1] The Social Security Commission ("the Commission") previously denied Plaintiff's benefits application.[2] An Administrative Law Judge ("ALJ") dismissed Plaintiff's request for a rehearing as untimely.[3] The Appeals Council affirmed the dismissal.[4] Defendant Commissioner moves to dismiss Plaintiff's complaint.[5]

Magistrate Judge Knepp filed a Report and Recommendation ("R&R") with this Court, recommending that this Court deny Defendant's motion to dismiss and to remand for a "good cause" hearing on whether Plaintiff Pudlowski received notice of the initial denial of his benefits

[1] Doc. 3.
[2] *See* Doc. 12-2.
[3] Doc. 12-6.
[4] Doc. 12-7.
[5] Doc. 9.

application.[6] For the following reasons, this Court **ADOPTS** Magistrate Judge Knepp's R&R, **DENIES** Defendant Commissioner's motion to dismiss, and **REMANDS** the case for a hearing on the issue of notice.

## I. Background

On June 7, 2012, Plaintiff Pudlowski applied for disability benefits.[7] In February 2013, the Commission denied Plaintiff's application.[8] However, it appears that Plaintiff never received notice of the denial. Instead, on August 20, 2013, Plaintiff Pudlowski called the Social Security Administration to follow up on his June 2012 application.[9] Plaintiff learned then for the first time that the Commission had denied his application in February 2013.

On August 21, 2013—the day after Plaintiff learned of the Commission's denial—Plaintiff's counsel requested a hearing to reconsider the Commission's denial. Counsel also explained that Plaintiff had not requested a hearing within the 60-day deadline that ran from the February 2013 denial because Plaintiff was never notified of the denial.[10] Plaintiff's counsel explained that counsel had also not received the Commission's denial. Plaintiff's counsel argued that counsel's efforts to update Plaintiff's medical record after the February 2013 denial was evidence that Plaintiff or Plaintiff's attorney had never received notice of the denial.

On December 4, 2013, an Administrative Law Judge ("ALJ") issued a notice of dismissal, finding that Plaintiff did not show good cause for missing the deadline to request a hearing.[11] On

---

[6] Doc. 15.
[7] Doc. 9-2 at 2.
[8] *See* Doc. 12-2 at 2.
[9] *See id.*
[10] *Id.*
[11] Doc. 12-6 at 2.

May 7, 2014, the Appeals Council denied Plaintiff's request for a review of the ALJ's dismissal.[12/]

On July 11, 2014, Plaintiff Pudlowki filed this complaint with the Court.[13/] On September 19, 2014, Defendant Commissioner moved to dismiss the case.[14/]

On November 19, 2015, Magistrate Judge Knepp filed the R&R. The R&R found that a federal district court could review the ALJ's dismissal and that the denial of disability benefits raised a colorable constitutional question. The R&R recommended that this Court deny Defendant's motion to dismiss and remand for a hearing on the issue of whether and when Plaintiff Pudlowski received notice of the initial denial of benefits.[15/]

On December 17, 2015, Defendant Commissioner objected to the R&R.[16/] Defendant argues that the ALJ's dismissal is not a final agency decision subject to federal judicial review and that the denial of disability benefits does not raise a colorable constitutional question for federal judicial review. Defendant argues that the case should therefore be dismissed without a new hearing.

Plaintiff Pudlowski also moves for an extension of time to respond to Defendant's objections.[17/] Because this Court affirms the R&R, this Court **DISMISSES** Plaintiff's motion as moot.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review of

---

[12/] Doc. 12-7 at 2.
[13/] Doc. 3.
[14/] Doc. 9.
[15/] Doc. 15.
[16/] Doc. 17.
[17/] Doc. 18.

objections to a report and recommendation.[18] Parties have fourteen days to file written objections to the R&R.[19] A district court may adopt without review any portion of the R&R to which no party objects.[20]

In general, a district court may only review a final decision of the Commissioner of Social Security made after a hearing.[21] "The courts are without jurisdiction to review the Commissioner's denial of benefits on the basis of *res judicata* unless the claimant presents a colorable constitutional claim."[22]

## III. Discussion

*Final Agency Decision Made After a Hearing*

This Court finds that the Appeals Council's decision to uphold the ALJ's notice of dismissal was a final hearing allowing for federal judicial review. While there was no final merits hearing on the issue of whether Plaintiff Pudlowski should have been given social security benefits, there was a final decision disposing of the case on procedural grounds.[23] The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Appeals Council's final procedural decision. To hold otherwise would allow the Commission to erroneously or arbitrarily deny applications on procedural grounds while shielding themselves from judicial review.[24]

---

[18] 28 U.S.C. § 636(b)(1).

[19] Fed. R. Civ. P. 72(b)(2).

[20] *Funk v. Astrue*, 2012 WL 1095918, at *2 (N.D. Ohio Mar. 30, 2012).

[21] *See* 42 U.S.C. §§ 405(g)–(h).

[22] *Bowens v. Barnhart*, 101 F.App'x 93, 94 (6th Cir. 2004).

[23] *See* *Bellantoni v. Schweiker*, 566 F. Supp. 313, 315 (E.D.N.Y. 1983).

[24] *Beckham v. Schweiker*, 557 F. Supp. 137, 140 (S.D. Ohio 1982); *Macheski v. Leavitt*, 2007 WL 2710466, at *4 (M.D. Ga. Sept. 13, 2007).

*Procedural Due Process Jurisdiction*

Even if the Appeals Council's decision to uphold the ALJ's notice of dismissal was not a final hearing, this Court would still have jurisdiction to review the decision because the case raises colorable constitutional due process concerns.[25] Plaintiff has a property interest in potential disability benefits.[26] This protected property interest may not be denied without first having sufficient notice and a hearing.[27] At a minimum, sufficient notice requires that an applicant for disability benefits be notified of the Commission's decision to deny the applicant's benefits application.[28]

In this case, Plaintiff Pudlowski makes a strong showing that neither he nor his counsel received notice of the February 2013 denial. The notice of the denial is not in the record before this Court, nor is there any indication that the Commission sent notice of the February 2013 denial. Furthermore, it appears that Plaintiff's counsel continued to update Plaintiff's medical records as if the application had not been denied, suggesting that neither Plaintiff nor counsel received notice of the February 2013 denial. Finally, Plaintiff filed a request for a rehearing on August 21, 2013, the day after Plaintiff called to learn that the Commission denied the application. This lack of delay suggests that Plaintiff did not receive notice of the February 2013 denial, and suggests Plaintiff would have promptly filed a request for a rehearing within the 60-day deadline.

---

[25] *See* *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993); *Califano v. Sanders*, 430 U.S. 99, 109 (1997).

[26] *See* *Francisco v. Barnhart*, 366 F. Supp. 2d 461, 466 (S.D. Tex. 2004).

[27] *Mathews v. Eldridge*, 424 U.S. 319, 343 (1976).

[28] *Francisco*, 366 F. Supp. 2d at 466–67.

This Court does not rule on the merits of Plaintiff Pudlowski's application for disability benefits. However, Plaintiff may not be denied these benefits without sufficient process. Because Plaintiff has made a showing that he did not receive sufficient process, this Court **DENIES** Defendant Commissioner's motion to dismiss and **REMANDS** the case for a hearing on the issue of Plaintiff's notice of the February 2013 denial. If the Commission cannot show that they gave notice to Plaintiff, then Plaintiff has shown good cause for his late August 2013 request for a rehearing.

**IV. Conclusion**

For the reasons above, the Court **OVERRULES** Defendant's objections, **ADOPTS** the Report and Recommendation, and **REMANDS** the case for a hearing as to whether Plaintiff received notice of the Commission's February 2013 denial of disability benefits. This Court also **DISMISSES** as moot Plaintiff's motion for an extension of time to respond.

IT IS SO ORDERED.

Dated: January 5, 2016

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE